IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDEL GLENN KLOTZ, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | A-09-CA-146-SS | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Dept. of § | | |
| Criminal Justice-Correctional § | | |
| Institutions Division,[1] § | | |
|     Respondent. § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 9); and Petitioner's response thereto (Document 10). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

---

[1] The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

## STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in cause number 06-1426-K277, styled The State of Texas v. Wendel Glenn Klotz. Petitioner was convicted of Felony Driving While Intoxicated. The jury assessed punishment, enhanced by two previous felony convictions, at 70 years imprisonment.

Petitioner's conviction was affirmed on April 23, 2008. Klotz v. State, No. 03-07-00445-CR, 2008 WL 1827534 (Tex. App. – Austin 2008, no pet.). Petitioner also challenged his conviction in three state applications for habeas corpus relief. The first two were dismissed, because his direct appeal was still pending. Ex parte Klotz, Appl. No. 44,876-04 and -05. The third was denied without written order on the findings of the trial court without a hearing on February 4, 2009. Ex parte Klotz, Appl. No. 44,876-06 at cover.

**B.   Factual Background**

On August 5, 2006, Bonnie Urbank called 911 to report a truck that was driving erratically in Williamson County. 4 RR 59-61. As she followed in her vehicle, Urbank observed the truck was followed by an SUV driven by Klotz's wife. 4 RR 63. She observed the truck frequently change speed, swerve onto the shoulder and into the oncoming lane, and run a stop sign. 4 RR 36-39, 42. Urbank testified that the truck left the roadway, entered a ditch, and struck a fence. 4 RR 52. At that point, Klotz exited the truck, stumbled around, fell down, and hung onto the truck for support. 4 RR 59-61, 69. Urbank then observed Klotz's wife come to the passenger side of Klotz's truck and

remove a brown paper sack from Klotz's truck, which Klotz's wife later confirmed to contain a bottle of whiskey. 4 RR 64-65, 189-90.

Shortly thereafter, Officer Doug Waggoner was dispatched to the location and observed the damaged fence, but all of the vehicles were already gone. 4 RR 100, 106-08. Waggoner then went to Klotz's residence and spoke with Klotz and his wife. 4 RR 109-11. At that time, he observed Klotz's balance was unsteady, his eyes were red and glassy, and that he smelled strongly of alcohol. 4 RR 112. Klotz then failed field sobriety tests and stated during the last test that "Y'all got me. There's no point in doing it." 4 RR 132-33. He also told another officer at the scene that he was "overloaded" and told Waggoner that he had consumed five whiskeys and two beers prior to hitting the fence. 4 RR 134, 138. Waggoner then obtained a warrant for Klotz's arrest several days later, and arrested Klotz on that warrant. 4 RR 111, 137-39.

**C.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner was denied effective assistance of counsel at trial when his attorney failed to (a) investigate the events leading to his arrest, (b) file a motion to suppress statements made by Petitioner to the arresting officer, and (c) move for a directed verdict;

2. The enhancement of his sentence violated the Ex Post Facto Clause; and

3. The enhancement of his sentence violated the Due Process Clause.

Petitioner had also raised an additional claim challenging his indictment. However, he was granted permission to withdraw the claim after he acknowledged he did not properly exhaust his state court remedies with respect to that claim.

**D.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective because he failed to (a) investigate the events leading to Petitioner's arrest, (b) filed a motion to suppress the statements made by Petitioner to the arresting officer; and (c) move for a directed verdict.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

    1.    <u>Failure to Investigate</u>

Petitioner contends counsel failed to investigate the events that led to his arrest. An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance. <u>Bryant v. Scott</u>, 28 F.3d 1411, 1435 (5th Cir. 1994). However, in order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would

have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Lockhart v. McCotter, 782 F.2d 1275, 1282-83 (5th Cir. 1986), cert. denied, 479 U.S. 1030, 107 S. Ct. 1360 (1987).

On state habeas review, counsel provided his affidavit in which he states:

I met with Jane Starnes, the attorney representing the State. I obtained a copy of the probable cause affidavit underlying Mr. Klotz's arrest. That document stated that Mr. Klotz had been involved in a one-vehicle accident, by striking a chain-link fence, on a rural road in Williamson County. The affidavit stated that Mr. Klotz left the scene of the accident and went to his residence nearby. The affidavit stated that an officer went to Mr. Klotz's residence and met with Mr. Klotz. The affidavit stated that Mr. Klotz admitted to the officer to driving a truck and being involved in an accident. The affidavit stated that Mr. Klotz admitted to the officer to drinking 5-6 drinks of whiskey and coke prior to the accident. The affidavit stated that the officer observed Mr. Klotz exhibit signs of intoxication. The affidavit stated that a civilian witness followed Mr. Klotz while he was driving and observed Mr. Klotz driving back and forth across the roadway. I obtained additional factual details related to Mr. Klotz's case from Ms. Starnes.

Ms. Starnes gave me a copy of the scene videotape containing audio and video footage of the encounter between law enforcement and my client, Mr. Klotz. Mr. Jackson [additional counsel] and I reviewed the videotape many times. The videotape showed that Mr. Klotz was obviously intoxicated at the time of his encounter with the police. The videotape showed Mr. Klotz attempting, but failing, to perform field sobriety tests. The videotape showed Mr. Klotz having difficulty maintaining his balance. The recording showed Mr. Klotz exhibiting slurred speech. Mr. Klotz also made several statements on the recording which could be construed as admissions of guilt.

Mr. Jackson and I visited the location of the accident. We also visited Mr. Klotz's residence, the location of his encounter with police following the accident. We also traced the route that Mr. Klotz drove on the alleged date of the offense. We took photographs of all three locations. We later offered some of those photographs as evidence at Mr. Klotz's trial.

7

> Mr. Jackson and I spoke to Mr. Klotz about the facts of his case. We spoke with his wife, Donna Klotz, about the incident. Donna had been following Mr. Klotz as he drove his truck down the rural roads and had been at the scene of the accident. She had also been present when the police made contact with him afterwards.

Ex parte Klotz, Appl. No. 44,876-06 at 39-40. The state court concluded that the performance of Petitioner's counsel was not deficient. Id. at 37. Specifically, the court concluded:

> Morales was not deficient in conducting his pretrial investigation. Morales, with the assistance of Jackson, went to the location of the accident and applicant's residence, where the police investigation took place. They traced the route driven by applicant prior to the accident. They took photographs. They spoke to witnesses. Morales and Jackson conducted a thorough pretrial investigation.

Id.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Petitioner fails to state what further investigation would have revealed and how such would have altered the outcome of the case.

2. Failure to File Motion to Suppress

Petitioner also argues counsel was ineffective for failing to file a motion to suppress the inculpatory statements he made to Officer Waggoner. In his affidavit presented to the state habeas court, defense counsel stated:

> From our review of the videotape and discussions with Mr. Klotz and his wife, Mr. Jackson and I determined that we had no legitimate basis for attempting to suppress the videotape. Mr. Klotz was not in custody during his encounter with the police. The facts, as we determined them to be, were that the officer approached Mr. Klotz's residence and knocked on the door. Donna Klotz came to the door and the officer asked to speak with Mr. Klotz. Mr. Klotz then came to the door. The officer asked Mr. Klotz to come outside his residence and Mr. Klotz did so. The officer asked Mr. Klotz if he would attempt to perform field sobriety tests and Mr. Klotz agreed. The encounter between Mr. Klotz and the officer was more of a consensual encounter than an investigative detention.

> I also did not believe there was a legitimate basis for attempting to suppress Mr. Klotz's statements to the officer which were contained on the recording. The officer did not read Mr. Klotz any Miranda warnings. But Mr. Klotz was not under arrest. He was not even arrested at the conclusion of the encounter. Rather, the officer obtained an arrest warrant and arrested him a couple of days later.

Ex parte Klotz, Appl. No. 44,876-06 at 40. The state habeas court concluded:

> Morales was not deficient in failing to attempt to suppress the audio-video recording of applicant's encounter with police following the accident. Applicant's encounter with police was a consensual encounter. Applicant was not under arrest during his encounter with police or immediately thereafter. Applicant was not detained during the encounter because his freedom of movement was not restricted. Applicant voluntarily agreed to speak with Deputy Waggoner and participate in the standardized field sobriety tests given by Waggoner. Deputy Waggoner was not required to read applicant Miranda warnings prior to questioning him about the offense because applicant was not in custody. Rhode Island v. Innis, 446 U.S. 291, 297, 100 S. Ct. 1682, 64 L.Ed.2d 297 (1980). Morales adroitly persuaded the State to redact from the recording statements made by applicant during the investigation concerning his prior DWI arrests.

Id. at 37-38.

Petitioner has offered no valid reason for the exclusion of the videotape. Petitioner was not in custody during the encounter with Officer Waggoner within the meaning of Miranda v. Arizona, 384 U.S. 436 (1966). As such, a warning was not required. Additionally, the trial court found Petitioner's encounter was voluntary, and Petitioner presented no evidence to the contrary. Counsel is not ineffective in failing to raise futile or meritless objections. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

### 3. Failure to Move for a Directed Verdict

In his final ground of ineffective assistance of counsel Petitioner argues his attorney was deficient in failing to move for a directed verdict because there was no legal evidence of his prior convictions. According to trial counsel:

> On my advice, Mr. Klotz entered into a written stipulation that he had previously been convicted two times of the offense of driving while intoxicated. I explained to Mr. Klotz that, if he did not stipulate that he had previously been convicted two times of DWI, the State would be entitled to offer evidence related to all four of the prior DWI convictions alleged in the indictment. By stipulating to two prior convictions, Mr. Klotz limited the scope of the jury's knowledge, at the guilt phase of trial, to only two prior DWI's. Prior to entering into the stipulation, I reviewed the documentary evidence in possession of the State related to the prior DWI's. I do not believe the State would have had any difficulty proving Mr. Klotz's prior DWI convictions had he not entered into the stipulation.

Ex parte Klotz, Appl. No. 44,876-06 at 41-42. The state habeas court concluded:

> Morales was not deficient in failing to move to quash or otherwise challenge the sufficiency of the allegations in the indictment. The allegations in the indictment were sufficient to charge applicant with the felony offense of driving while intoxicated. Morales was aware of the 10-year rule but was also aware that, at the time applicant committed the underlying offense, the rule had been repealed by the legislature. Morales examined the documentary evidence supporting the allegations in the indictment related to applicant's prior convictions for DWI. Morales persuaded applicant to stipulate to the existence of two prior DWI convictions, thereby preventing the State from mentioning applicant's other prior DWI convictions at the guilt phase of trial.

Ex parte Klotz, Appl. No. 44,876-06 at 37.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. As explained above, counsel is not deficient in failing to file frivolous motions.

10

## C. Illegal Enhancement Claim

Petitioner committed the offense of Felony Driving While Intoxicated on August 5, 2006. Petitioner's indictment alleged he had previously been convicted of Driving While Intoxicated on September 4, 1985, March 23, 1987, again on March 23, 1987, and December 22, 1997.

Section 49.09(e) of the Texas Penal Code previously provided that a prior conviction could not be used for enhancement if the conviction was more than ten years old. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; see also Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743. However, in 2005, the Legislature repealed subsection (e) and eliminated the ten-year requirement, effective September 1, 2005. See Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364; see also Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon Supp. 2009). Petitioner contends the 2005 change in the DWI law, which allowed convictions from over 10 years ago to be used as enhancements to his current crime violates the Ex Post Facto and Due Process Clauses.[2]

"For an ex post facto violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000) (citing California Dept. of Corrections v. Morales, 514 U.S. 499, 509, 115 S. Ct. 1597, 131 L.Ed.2d 588 (1995)). In this case, the new law

---

[2] Petitioner fails to explain why he believes the Due Process Clause has been violated. Petitioner presents nothing more than conclusory assertions. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

creates a sufficient risk of increasing the punishment attached to Petitioner's crime. Therefore, the only issue is whether the new law, as applied to Petitioner's case, is retrospective.

In <u>Gryger v. Burke</u>, 334 U.S. 728, 68 S. Ct. 1256 (1948), the United States Supreme Court considered a defendant who was sentenced as a habitual offender based on a law that was enacted after his prior offense. The Court reasoned that: "[t]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." <u>Id.</u> at 732, 68 S. Ct. 1256.

Petitioner's punishment is based on the date of his most recent offense, which took place after the amendment became effective, rather than based on the dates of his earlier offenses. Accordingly, the amendment is not retrospective. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE